UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CINDY M. ESTRADA, | CASE NO. C18-5362 RSM |
| Plaintiff, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I. INTRODUCTION

This matter is before the Court on a Report and Recommendation RE: Social Security Disability Appeal by the Honorable Mary Alice Theiler, United States Magistrate Judge. Dkt. #16. Judge Theiler recommends that the Commissioner's decision denying benefits be affirmed. Plaintiff has filed objections to the Report and Recommendation ("R&R"). Dkt. #17. Defendant asks that the Court adopt the R&R and affirm the Commissioner's decision but otherwise stands on its prior briefing. Dkt. #18. Having fully considered Plaintiff's objections, the R&R, and the remainder of the record, the Court adopts the R&R and affirms.

//

//

ORDER – 1

## II. BACKGROUND

Plaintiff does not object to the facts as recited in the R&R and the Court therefore adopts the facts and procedural history as set forth in the R&R. For the purposes of this Order, it suffices to note that this Court previously remanded the action for further administrative proceedings. *Estrada v. Colvin*, Case No. C16-5029BAT (W.D. Wash.). On remand, a second hearing was held before an Administrative Law Judge ("ALJ") and the ALJ ultimately determined that Plaintiff was not disabled. More specifically, the ALJ found that Plaintiff's Residual Functional Capacity ("RFC") allowed her to perform past relevant work. Plaintiff appealed. After consideration, Judge Theiler recommends that this Court affirm the ALJ's decision.

## III. DISCUSSION

### A. Standard of Review

A district court has jurisdiction to review a magistrate judge's R&R on dispositive matters. FED. R. CIV. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the R&R to which specific written objection is made. FED. R. CIV. P. 72(b)(3); *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.*

While review of the R&R is de novo, the court must defer to the ALJ's findings and may set aside the Commissioner's denial of benefits only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216–17 (9th Cir. 2005). "Substantial evidence means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988) (internal quotation marks and citations omitted)).

The court must review the record as a whole and may not reweigh the evidence or substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The ALJ determines credibility, resolves conflicts in medical testimony, and resolves any other ambiguities that may exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). When the evidence is susceptible to more than one rational interpretation, the court must uphold the ALJ's conclusion. *Thomas*, 278 F.3d at 954.

**B. Plaintiff's Objections**

Plaintiff, tracking the issues of her opening brief, raises several objections to the R&R, necessitating de novo review. However, Plaintiff's objections do not reveal error in the ALJ's decision or the R&R and the R&R is ultimately consistent with the Court's own de novo review of the record. Nevertheless, the Court addresses Plaintiff's objections as follows.

### Absenteeism

Plaintiff objects to the R&R, relying primarily on public policy grounds, and alleges error in that Judge Theiler focused on "functional limitations and restrictions resulting from medically determinable impairments" instead of Plaintiff's asserted barrier to work in this case—her frequent medical appointments. Dkt. #17 at 1–2. Plaintiff provides no legal support for her position and instead advances broad policy arguments. Conversely, the Court agrees with Judge Theiler's analysis and reliance on *Goodman v. Berryhill,* C17-5115BAT (W.D. Wash. Sep. 25, 2017) (noting that frequent medical treatment is not irrelevant, but must be "necessitated by the

ORDER – 3

medical condition and be substantiated by the evidence" to be included in the RFC assessment).[1] Plaintiff does not demonstrate legal error in the ALJ's decision or the R&R.

Plaintiff further argues that this Court will violate the law of the case doctrine by focusing on functional limitations when the Court previously remanded for administrative proceedings to "further develop the record as necessary, including the record regarding the vocational impact of [Plaintiff's] medical appointments."[2] Dkt. #17 at 2–3; Dkt. #8-13 at 64. However, Plaintiff herself notes that the record was further developed on remand. Dkt. #17 at 2–3. Regardless, Plaintiff does not demonstrate that this Court or the ALJ committed legal error, violated the law of the case, or even conflicted with the Court's prior decision. *Askins v. U.S. Department of Homeland Security*, 899 F.3d 1035, 1042 (9th Cir. 2018) (the law of the case doctrine does not preclude the court from revisiting its own prior rulings).

### **Medical Opinions**

Plaintiff next objects to Judge Theiler's conclusion that the ALJ did not err in discounting the testimony of Plaintiff's treating doctors. Dkt. #17 at 4–6. But the Court does not find that these objections are specific, as required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 72(b)(2). Plaintiff merely disagrees with the ALJ's decision and Judge Theiler's conclusion that the ALJ's decision was supported by substantial evidence. Plaintiff does not advance new

---

[1] Plaintiff argues that on appeal the Ninth Circuit "suggested" that it was error for the *Goodman* court to not consider frequent medical appointments in assessing residual functional capacity. Dkt. #17 at 4. But the Ninth Circuit merely assumed, for the case of argument, that this would be error. *Goodman v. Berryhill*, No. 17-35941, 741 Fed.Appx. 530 (9th Cir. Nov. 7, 2018) ("First, *even assuming* the ALJ erred in failing to discuss Goodman's frequent medical appointments in crafting Goodman's residual functional capacity (RFC), any such error was harmless.") (emphasis added).

[2] Plaintiff regularly reads too much into the Court's earlier determination that the case should be remanded. That was an agreed decision and only the nature of remand was at issue. Dkt. #8-13 at 60. The Court's prior decision is of limited use in this matter.

ORDER – 4

arguments and does not address the R&R's extensive discussion of the "specific and legitimate reasons, supported by substantial evidence, for rejecting the opinion of a treating or examining doctor." Dkt. #16 at 12 (citing *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996)). Upon review, the Court adopts the analysis contained in the R&R.

### Symptom Testimony

Plaintiff next argues that the R&R errs by finding that the ALJ relied on specific, clear, and convincing evidence in discounting Plaintiff's testimony regarding her subjective symptoms. Dkt. #17 at 6. But Plaintiff fails to support the argument beyond the basic allegation. Plaintiff points to evidence supporting Plaintiff's testimony, but does nothing to rebut the specific, clear, and convincing evidence that the ALJ relied on in rejecting Plaintiff's testimony. As detailed in the R&R, these included a lack of objective medical evidence, inconsistency in the objective medical evidence, inconsistent testimony as to activities, receipt of unemployment benefits, conservative treatment, opioid dependence, and other relevant evidence. Dkt. #16 at 23–30. As Judge Theiler at one point aptly noted: "While [P]laintiff construes the evidence differently, the ALJ's interpretation of inconsistency is at least equally rational. Dkt. #16 at 25. The Court sees no basis for objection and adopts the R&R's reasoned analysis.

### Lay Witness Testimony

Lastly, Plaintiff objects to the R&R's conclusion that the ALJ properly rejected lay testimony. Dkt. #17 at 6. But again, Plaintiff fails to adequately support her objection, advances the same arguments, and does not demonstrate any basis for rejecting the R&R's determination. The Court's review of the record confirms the R&R's conclusion that the ALJ provided "germane reasons for rejecting the lay testimony of [Plaintiff's] mother, sister, and a vocational counselor." Dkt. #16 at 30.

ORDER – 5

## IV. CONCLUSION

Having reviewed the Report and Recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge, Plaintiff's Objections, Defendant's Response, and the remainder of the record, the Court finds and ORDERS:

1. The Report and Recommendation (Dkt. #16) is ADOPTED.
2. The decision of the Commissioner is AFFIRMED.
3. This matter is CLOSED.
4. The Clerk shall direct copies of this Order to all counsel and to Judge Theiler.

Dated this 28th day of June 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE