UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CINDY M. ESTRADA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　　　Defendant. | Case No. C18-5362-RSM<br><br>ORDER DENYING MOTION TO ISSUE CORRECTED ORDER AND JUDGMENT AND DENYING MOTION FOR EAJA FEES, COST, AND EXPENSES |

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff Cindy M. Estrada's Motion for Attorney's Fees, Cost, and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (Dkt. #32) and Plaintiff's Motion to Correct Scrivener's Error Pursuant to Fed. R. Civ. P. 60 (Dkt. #41).  The Court finds that it did not make a scrivener's error, a final judgment has not yet been issued in this case, and therefore denies both motions.

## II.   BACKGROUND

Plaintiff initiated this action for judicial review, under 42 U.S.C. §§ 405(g) and § 1383(c)(3), of the Commissioner of Social Security's (the "Commissioner") final decision denying her application for Title II Disability Insurance Benefits and Title XVI Supplemental

ORDER - 1

Security Income benefits. Dkt. #4. The Honorable Mary Alice Theiler, United States Magistrate Judge, recommended that this Court affirm the decision of the Commissioner. Dkt. #16. Considering Plaintiff's objections to Judge Theiler's Report and Recommendation ("R&R"), the Court overruled the objections and adopted the R&R, affirming the Commissioner's decision. Dkt. #19. Plaintiff appealed. Dkt. #22.

On March 31, 2021, the Ninth Circuit Court of Appeals issued a memorandum decision concluding that administrative review of Plaintiff's application had not enjoyed the benefit of the Ninth Circuit's decision in *Revels v. Berryhill*, 874 F.3d 648 (9th Cir. 2017). The Ninth Circuit characterized Revels as "conclud[ing] that the [administrative law judge ("ALJ")] erred in rejecting a claimant's testimony where the ALJ stated that the testimony was 'undercut by the lack of "objective findings" supporting her claims of severe pain' because examinations showing mostly normal results 'are perfectly consistent with debilitating fibromyalgia.'" Dkt. #27 at 2–3 (quoting *Revels*, 874 F.3d at 666). The Ninth Circuit therefore ordered that the Commissioner's prior decision be vacated and that the matter be remanded for reconsideration by the ALJ. *Id.* at 3. The Ninth Circuit's mandate was issued on May 25, 2021. Dkt. #28.

Accordingly, this Court ordered that pursuant to sentence six of 42 U.S.C. § 405(g), the matter was remanded for further administrative proceedings in a manner consistent with the Ninth Circuit Court of Appeals' memorandum decision. Dkt. #29. The Court also issued an Amended Judgment stating:

> THE COURT HAS ORDERED THAT pursuant to sentence six of 42 U.S.C. § 405(g), this matter is REMANDED for further administrative proceedings in a manner consistent with the Ninth Circuit Court of Appeals' memorandum decision

Dkt. #30. The Amended Judgment did not make a finding as to whether the Commissioner's judgment was affirmed, modified, or reversed in light of the Ninth Circuit's memorandum

ORDER - 2

decisions. *See id.* While the Court did not issue a final judgment, the issuing of a "judgment" alone caused confusion.

Plaintiff subsequently filed a Motion for Attorney's Fees, Cost, and Expenses Pursuant EAJA (Dkt. #32) and a Motion to Correct Scrivener's Error Pursuant to Fed. R. Civ. P. 60 (Dkt. #41).

### III. ANALYSIS

**A. FRCP 60 Motion to Correct**

Plaintiff seeks an amended order and an amended judgment to correct what she believes is a scrivener's error regarding the type of remand that was ordered by the Ninth Circuit in this matter. Dkt. #41 at 1. Plaintiff argues that, although the Ninth Circuit's decision in this case does not mention sentence four or sentence six, its remand order was pursuant to sentence four of 42 U.S.C. § 405(g) and not sentence six as this Court ordered. *Id.* at 1–2.

Sentence four of 42 U.S.C. § 405(g) states:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

While Sentence six states, in relevant part:

> The court . . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding…

Here, while the Ninth Circuit did not call out a specific sentence from 42 U.S.C. § 405(g) in its instructions on remand, it certainly intended for this case to be brought before the ALJ again and for the ALJ to re-evaluate Plaintiff's case in consideration of *Revels*. *See* Dkt. #27 at 3. The Ninth Circuit *did not* intend for this Court to unilaterally modify the Commissioner's decision as a sentence four remand would intend. Instead, the Ninth Circuit identified additional evidence

ORDER - 3

(*Revels*) and good cause for why the ALJ failed to incorporate such evidence into the record in a prior proceeding (the *Revels* decision was issued two months after the ALJ's decision). *See id.* at 2. As such, this was a remand pursuant to the sixth sentence of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993) ("[s]entence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency.") (citations omitted).

### B. Motion for EAJA Fees

Under EAJA, the Court must award attorney's fees to the prevailing party in an action such as this unless it finds the government's position was "substantially justified" or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). EAJA creates a presumption that fees will be awarded to a prevailing party, but Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995); *Zapon v. United States Dep't of Justice*, 53 F.3d 283, 284 (9th Cir. 1995). Rather, the Supreme Court has interpreted the term "substantially justified" to mean that a prevailing party is not entitled to recover fees if the government's position is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 566 (1992). The decision to deny EAJA attorney's fees is within the discretion of the court. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). Attorney's fees under EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Plaintiff's motion for EAJA fees is premature. In *Melkonyan v. Sullivan*, the Supreme Court recognized that a prevailing party must file a motion for attorney fees under the EAJA within 30 days of final judgment. *Melkonyan v. Sullivan*, 501 U.S. 89, 103 (1991); *see* 28 U.S.C.

ORDER - 4

§ 2412(d)(1)(B). "In sentence six cases, the filing period does not begin until after the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs." *Id* at 102. Because the post-remand proceedings are not complete, there is no "final judgment" for the purposes of EAJA and Plaintiff's application for EAJA fees must be denied at this time.

## IV.   CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiff's Motion to Correct Scrivener's Error Pursuant to Fed. R. Civ. P. 60 (Dkt. #41) is DENIED.

2) Plaintiff's Motion for Attorney's Fees, Cost, and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (Dkt. #32) is DENIED as premature.

3) This matter remains REMANDED for further administrative proceedings in a manner consistent with the Ninth Circuit Court of Appeals' memorandum decision. *See* Dkts. #27–30.

DATED this 25th day of January, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 5