UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CINDY M. ESTRADA,<br><br>                        Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                        Defendant. | Case No. C18-5362-RSM<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE APPEAL |

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff Cindy M. Estrada's Motion for Extension of Time to File Appeal. Dkt. #48. The Court finds that Plaintiff has provided an insufficient reason for a delay in filing her appeal and, balancing the factors under Rule 4(a)(5), Plaintiff has not met her burden in showing excusable neglect and therefore denies the Motion.

## II.    BACKGROUND

Plaintiff initiated this action for judicial review, under 42 U.S.C. §§ 405(g) and § 1383(c)(3), of the Commissioner of Social Security's (the "Commissioner") final decision denying her application for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income benefits. Dkt. #4. The Honorable Mary Alice Theiler, United States Magistrate

ORDER - 1

Judge, recommended that this Court affirm the decision of the Commissioner. Dkt. #16. Considering Plaintiff's objections to Judge Theiler's Report and Recommendation ("R&R"), the Court overruled the objections and adopted the R&R, affirming the Commissioner's decision. Dkt. #19. Plaintiff appealed. Dkt. #22.

On March 31, 2021, the Ninth Circuit Court of Appeals issued a memorandum decision concluding that administrative review of Plaintiff's application had not enjoyed the benefit of the Ninth Circuit's decision in *Revels v. Berryhill*, 874 F.3d 648 (9th Cir. 2017). The Ninth Circuit characterized Revels as "conclud[ing] that the [administrative law judge ("ALJ")] erred in rejecting a claimant's testimony where the ALJ stated that the testimony was 'undercut by the lack of "objective findings" supporting her claims of severe pain' because examinations showing mostly normal results 'are perfectly consistent with debilitating fibromyalgia.'" Dkt. #27 at 2–3 (quoting *Revels*, 874 F.3d at 666). The Ninth Circuit therefore ordered that the Commissioner's prior decision be vacated and that the matter be remanded for reconsideration by the ALJ. *Id.* at 3. The Ninth Circuit's mandate was issued on May 25, 2021. Dkt. #28.

Accordingly, this Court ordered that pursuant to sentence six of 42 U.S.C. § 405(g), the matter was remanded for further administrative proceedings in a manner consistent with the Ninth Circuit Court of Appeals' memorandum decision. Dkt. #29. The Court also issued an Amended Judgment stating:

> THE COURT HAS ORDERED THAT pursuant to sentence six of 42 U.S.C. § 405(g), this matter is REMANDED for further administrative proceedings in a manner consistent with the Ninth Circuit Court of Appeals' memorandum decision

Dkt. #30. The Amended Judgment did not make a finding as to whether the Commissioner's judgment was affirmed, modified, or reversed in light of the Ninth Circuit's memorandum decisions. *See id.* While the Court did not issue a final judgment, the issuing of a "judgment" alone caused confusion.

ORDER - 2

Plaintiff subsequently filed a Motion for Attorney's Fees, Cost, and Expenses Pursuant to the EAJA (Dkt. #32) and a Motion to Correct Scrivener's Error Pursuant to Fed. R. Civ. P. 60 (Dkt. #41).

On January 25, 2023, the Court denied Plaintiff's Motion to Correct Scrivener's Error Pursuant to Fed. R. Civ. P. 60 (Dkt. #41), denied Plaintiff's Motion for Attorney's Fees, Cost, and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (Dkt. #32) as premature, and remanded the matter for further administrative proceedings in a manner consistent with the Ninth Circuit Court of Appeals' memorandum decision.  Dkt. #46.

Per Federal Rule of Civil Procedure 4(a)(1)(B), Plaintiff had 60 days to appeal this Court's January 25, 2023, order.  The deadline was Monday, March 27, 2023.  *See* Fed. R. Civ. P. 6(a)(1)(C) (extending deadline if the deadline falls on Sunday).  Plaintiff filed the notice of appeal on Tuesday, March 28, 2023.  Dkt. #47.  Plaintiff also filed the instant motion for an extension of time to allow for late filing of the notice of appeal.  ECF #48-49.  Plaintiffs' counsel stated he missed the deadline because he "had two briefs due yesterday, including a Ninth Circuit Reply Brief, and I failed to check my deadlines spreadsheet yesterday at the end of a very long day."  Dkt. #49 at 1.  Defendant Commissioner of Social Security (hereinafter, the "Commissioner") opposes the motion for extension stating plaintiff counsel's "threadbare excuse does not establish excusable neglect under Fed. R. App. P. 4(a)(5)."  Dkt. #51 at 2.

### III.   ANALYSIS

Under Federal Rule of Appellate Procedure 4(a)(5)(A),

> The district court may extend the time to file a notice of appeal if:
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

ORDER - 3

Fed. R. App. P. 4(a)(5)(A). The good cause and excusable neglect standards are separate and appart. Fed. R. App. P. 4 at 2002 Amendments at Subd. (a)(5)(A)(ii). As the note to the 2002 Amendments to the Federal Rules of Appellate Procedure explains:

> They are not interchangeable, and one is not inclusive of the other. The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault–excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

*Id.*

Plaintiff filed her Motion after the 60-day appellate deadline already passed and therefore the good cause standard does not apply here.

As to whether there is excusable neglect, the Ninth Circuit applies four factors in determining under Rule 4(a)(5): "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (*en banc*) (citing *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 855 (1993)). "Pioneer itself instructs courts to determine the issue of excusable neglect within the context of the particular case, a context with which the trial court is most familiar." *Id.* at 859.

Plaintiff's one-page Motion was submitted along with a two-page declaration. *See* Dkt. #48–49. The Declaration of attorney Eitan Kassel Yanich states merely that he "filed the Notice of Appeal in this case one day late due to an oversight. I had two briefs due yesterday, including a Ninth Circuit Reply Brief, and I failed to check my deadlines spreadsheet yesterday at the end of a very long day." Dkt. #59 at 1. The Court does not find that this explanation tips

ORDER - 4

the third factor in Plaintiff's favor.  Plaintiff's reply brief provides no further convincing explanation as to counsel's reason for delay.  *See* Dkt. #53.  Plaintiff argues that the "root cause of any delay here has been the Commissioner's unexplained and unexplainable reversal of position on [whether the Court's actions in issuing a sentence six remand order and a sentence six judgment were mistakes]." *Id.* At 3.  However, what Plaintiff claims is a "reversal of position," was the entirety of the Commissioner's Response to Plaintiff's Motion to Correct Scrivener's Error Pursuant to Fed. R. Civ. P. 60 (Dkt. #45)—i.e., the response brief underlying the Court's order Plaintiff has appealed.   In other words, Plaintiff has been aware of the Commissioner's position since before the Court issued its January 25, 2023, order and therefore well before the 60-day deadline for Plaintiff to appeal said order expired.

As to the first factor, the Commissioner argues that the agency will be prejudiced in this matter as it has already taken actions in reliance on this Court's remand order.  *See* Dkt. #51 at 3–4.  As to the second and fourth factors, the Commissioner does not argue that Plaintiff's delay was made in bad faith and concedes the actual delay was minimal.  However, the Commissioner points to a pattern of delay, careless, and prejudice on the part of Plaintiff including (1) failing to file a motion under Rule 59(e), waiting months to file the motion to amend the judgment and only after the Commissioner noted that Estrada's petition for fees was premature, and ultimately plaintiff counsel's threadbare excuse for missing the 60-day deadline.

The Court finds that in weighing the four factors, Plaintiff has not her burden of showing excusable neglect and therefore Plaintiff's Motion is DENIED.

### IV.   CONCLUSION

ORDER - 5

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Extension of Time to Allow Late Filing of Appeal (Dkt. #48) is DENIED.

DATED this 18th day of April, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 6