UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CINDY M. ESTRADA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　　Defendant. | Case No. C18-5362-RSM<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES AND EXPENSES PURSUANT TO 28 U.S.C. § 2412 |

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff's attorney Eitan Kassel Yanich ("Counsel)'s Motion for Attorney's Fees and Expenses Pursuant to 28 U.S.C. § 2412. Dkt. #61. Defendant Commissioner of Social Security (the "Commissioner") opposes Counsel's Motion arguing the Commissioner was substantially justified, the fees requested are unreasonable, and costs should be denied. Dkt. #64. Having considered the pleadings, the exhibits attached thereto, and the remainder of the record, the Court GRANTS IN PART and DENIES IN PART Counsel's Motion.

## II.   BACKGROUND

Plaintiff initiated this action for judicial review, under 42 U.S.C. §§ 405(g) and § 1383(c)(3), of the Commissioner of Social Security (the "Commissioner")'s final decision

ORDER - 1

denying her application for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income benefits. Dkt. #4. The Honorable Mary Alice Theiler, United States Magistrate Judge, recommended that this Court affirm the decision of the Commissioner. Dkt. #16. Considering Plaintiff's objections to Judge Theiler's Report and Recommendation ("R&R"), the Court overruled the objections and adopted the R&R, affirming the Commissioner's decision. Dkt. #19. Plaintiff appealed. Dkt. #22.

On March 31, 2021, the Ninth Circuit Court of Appeals issued a memorandum decision concluding that administrative review of Plaintiff's application had not enjoyed the benefit of the Ninth Circuit's decision in *Revels v. Berryhill*, 874 F.3d 648 (9th Cir. 2017). The Ninth Circuit characterized *Revels* as "conclud[ing] that the [administrative law judge ("ALJ")] erred in rejecting a claimant's testimony where the ALJ stated that the testimony was 'undercut by the lack of "objective findings" supporting her claims of severe pain' because examinations showing mostly normal results 'are perfectly consistent with debilitating fibromyalgia.'" Dkt. #27 at 2–3 (quoting *Revels*, 874 F.3d at 666). The Ninth Circuit therefore ordered that the Commissioner's prior decision be vacated and that the matter be remanded for reconsideration by the ALJ. *Id.* at 3. The Ninth Circuit's mandate was issued on May 25, 2021. Dkt. #28.

Accordingly, this Court ordered that pursuant to sentence six of 42 U.S.C. § 405(g), the matter was remanded for further administrative proceedings in a manner consistent with the Ninth Circuit Court of Appeals' memorandum decision. Dkt. #29. The Court also issued an Amended Judgment stating:

> THE COURT HAS ORDERED THAT pursuant to sentence six of 42 U.S.C. § 405(g), this matter is REMANDED for further administrative proceedings in a manner consistent with the Ninth Circuit Court of Appeals' memorandum decision

Dkt. #30. The Amended Judgment did not make a finding as to whether the Commissioner's judgment was affirmed, modified, or reversed in light of the Ninth Circuit's memorandum

ORDER - 2

decision. *See id.* While the Court did not issue a final judgment, the issuing of a "judgment" alone caused confusion.

Plaintiff subsequently filed a Motion for Attorney's Fees, Cost, and Expenses Pursuant to the EAJA (Dkt. #32) and a Motion to Correct Scrivener's Error Pursuant to Fed. R. Civ. P. 60 (Dkt. #41).

On January 25, 2023, the Court denied Plaintiff's Motion to Correct Scrivener's Error Pursuant to Fed. R. Civ. P. 60 (Dkt. #41), denied Plaintiff's Motion for Attorney's Fees, Cost, and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (Dkt. #32) as premature and remanded the matter for further administrative proceedings in a manner consistent with the Ninth Circuit Court of Appeals' memorandum decision. Dkt. #46.

On March 28, 2023, Plaintiff appealed the Court's January 25, 2023 Order (Dkt. #47), but her appeal was untimely. Thus, she sought leave to file an untimely appeal (Dkt. #48), which the Court denied (Dkt. #55). Thereafter, the Ninth Circuit dismissed Plaintiff's appeal. Dkt. #56.

On remand, the Commissioner ultimately found Plaintiff disabled. Dkts. #57–58. The Court entered judgment accordingly. Dkt. #59. Counsel now seeks "an award of attorney's fees in the amount of $24,348.70 and expenses in the sum of $1,710.49" under EAJA, 28 U.S.C. § 2412. Dkts. #61–62.

### III.   ANALYSIS

**A. Legal Standard**

Under EAJA, the Court must award attorney's fees to the prevailing party in an action such as this unless it finds the government's position was "substantially justified" or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). EAJA creates a presumption that fees will be awarded to a prevailing party, but Congress did not intend fee shifting to be

ORDER - 3

mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995); *Zapon v. United States Dep't of Justice*, 53 F.3d 283, 284 (9th Cir. 1995). Rather, the Supreme Court has interpreted the term "substantially justified" to mean that a prevailing party is not entitled to recover fees if the government's position is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 566 (1992). The decision to deny EAJA attorney's fees is within the discretion of the court. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). Attorney's fees under EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

B. **Substantial Justification**

Where the Commissioner defends "basic and fundamental errors," her defense often lacks substantial justification. *Corbin v. Apfel,* 149 F.3d 1051, 1053 (9th Cir.1998). Defense of an ALJ'S failure to comply with laws or regulations also lacks substantial justification. *See Gutierrez v. Barnhart,* 274 F.3d 1255, 1259–60 (9th Cir.2001). On the other hand, where resolution of the case turns on the weight and evaluation of the evidence, the Commissioner's defense of the ALJ's findings ordinarily is substantially justified. *See O'Neal v. Astrue*, 466 F. App'x 614, 615 (9th Cir. 2012) (citing *Lewis v. Barnhart,* 281 F.3d 1081, 1084, 1086 (9th Cir.2002)). Further, for the issues decided by a court, "[t]he 'position of the United States' includes both the government's litigation position and the underlying agency action giving rise to the civil action." *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (quoting *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir.2013)).

Here, the Ninth Circuit vacated the denial of benefits and remanded this case for reconsideration in light of *Revels v. Berryhill*, 874 F.3d 648 (9th Cir. 2017). Dkt. #27 at 2. The Ninth Circuit stated:

ORDER - 4

> **The ALJ did not have the benefit** of our decision in *Revels*, which was issued two months after the ALJ's decision. **In *Revels*,** we concluded that the ALJ erred in rejecting a claimant's testimony where the ALJ stated that the testimony was "undercut by the lack of 'objective findings' supporting her claims of severe pain" because examinations showing mostly normal results "are perfectly consistent with debilitating fibromyalgia." 874 F.3d at 666. We noted that **the ALJ's error "arose from an apparent fundamental misunderstanding of fibromyalgia,"** *id.* at 662, and emphasized that fibromyalgia "is diagnosed entirely on the basis of patients' reports of pain and other symptoms, and there are no laboratory tests to confirm the diagnosis," *id.* at 666 (quotations omitted). **Here, in assessing the credibility of Estrada's symptoms testimony, the ALJ appears to have similarly failed to construe the medical evidence "in light of fibromyalgia's unique symptoms and diagnostic methods."** *Id.* at 662. For this reason, we remand.

*Id.* at 2–3.

The Commissioner argues that the Ninth Circuit did not identify a factual error in reversing the ALJ's decision, but rather issues of articulation and law. Dkt. #64 at 4. Specifically, by stating "[t]he ALJ did not have the benefit of our decision in *Revels*," the Commissioner argues that the Ninth Circuit acknowledged that the law was in flux. *Id.* The Commissioner notes that the Ninth Circuit has repeatedly affirmed that the Commissioner is substantially justified where a binding decision changed the legal landscape after the ALJ's decision. *Id.* at 5 (citing *e.g.*, *Trujillo v. Berryhill*, 700 F. App'x 764, 766 (9th Cir. 2017) (unpublished); *Rounds v. Berryhill*, 697 F. App'x 511, 512 (9th Cir. 2017) (unpublished); *Allen-Howard v. Comm'r Soc. Sec. Admin.*, 615 F. App'x 402, 403 (9th Cir. 2015) (unpublished); *Ayala v. Colvin*, 584 F. App'x 776, 777 (9th Cir. 2014) (unpublished)). Further, the Commissioner points out that the Appeals Council acknowledged that the ALJ "sufficiently considered [Estrada's] fibromyalgia/pain disorder in the decision and the reduced light residual functional capacity sufficiently accounts for limitations caused by the claimant's fibromyalgia/pain disorder." *Id.* (citing Tr. 330). Thus, the Commissioner argues she was substantially justified in defending the ALJ's rationale.

ORDER - 5

In response, Counsel argues that even if the Commissioner had a reasonable basis in fact and in law defending the final decision, she has not proven that the ALJ's underlying action was substantially justified. Dkt. #65 at 3. Counsel notes that the Appeals Council had knowledge of the *Revels* decision, yet failed to take any action to address the ALJ's error and therefore the Commissioner's underlying administrative decision was not substantially justified. Further, while the ALJ may not have had the benefit of the *Revels* decision, the Commissioner's attorney did as *Revels* was published in October 2017—a full year before the Commissioner filed her district court brief in this case. *See* Dkt. #14. Finally, Counsel rejects the Commissioner's position that *Revels* changed the "legal landscape" as the issue of how an ALJ should evaluate fibromyalgia was addressed in several Ninth Circuit decisions prior to *Revels*. *See* Dkt. #65 at 4 (citing *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) ("[T]he ALJ erred in discounting the opinions of Benecke's treating physicians, relying on his disbelief of Benecke's symptom testimony as well as his misunderstanding of fibromyalgia. The ALJ erred by "effectively require[ing] 'objective' evidence for a disease that eludes such measurement)). Ultimately, Counsel argues, "[t]he underlying basis for the *Revels* decision – that there are impairments that cause pain that cannot be objectively measured – has been well-established Ninth Circuit law for decades." *See id.*, n.12 (citing *Cotton v. Bowen*, 799 F.2d 1403, 1407-08 (9th Cir. 1986) (excess pain testimony cannot be discredited solely on the ground that it is not fully corroborated by objective medical findings); *Gonzales v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990) (excess pain testimony will always be "out of proportion to the medical evidence"); *Light v. SSA*, 119 F.3d 789, 792 (9th Cir. 1997) (when a claimant "suffers from infirmities that could cause pain, he "need not present medical evidence to support the severity of the pain.""); *Laborin v.*

ORDER - 6

*Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017) (ALJ must take "the claimant's subjective experiences of pain" into account when determining the RFC).

The Court agrees with Counsel, that the Commissioner (unlike the ALJ) did have the benefit of *Revels* when she filed her responsive brief in this matter, and as such the Commissioner's litigation position was not substantially justified. In fact, the cases the Commissioner cites to support her position ultimately supports the Court's finding that her litigation position was unreasonable. *See* Dkt. #65 at 4 (collecting cases where "the Ninth Circuit has repeatedly affirmed that the Commissioner is substantially justified where a binding decision changed the legal landscape after the ALJ's decision."). First, the Commissioner cites to *Rounds v. Berryhill*, 697 F. App'x 511, 512 (9th Cir. 2017). In *Rounds*, the Ninth Circuit factored the timing of the change in law into its decision stating "because *Zavalin* [, the decision resulting in a change of law,] was not issued until after the briefing on appeal in this case closed, the Commissioner's litigation position was also not unreasonable." *Rounds*, 697 F. App'x at 512. Next, the Commissioner cites to *Allen-Howard v. Comm'r Soc. Sec. Admin.*, 615 F. App'x 402, 403 (9th Cir. 2015). Similarly, the Ninth Circuit stated "[t]he Commissioner's litigation position in the district court was also substantially justified. As noted, there was no controlling authority on the question raised in Allen–Howard's appeal at the time the Commissioner filed its briefing." However, unlike in *Rounds* and *Allen-Howard*, the controlling authority in *Revels* had already been issued rendering the Commissioner's litigation position unreasonable and not substantially justified.

C. **Special Circumstances**

The Court may deny fees if special circumstances render fees unjust. 28 U.S.C. § 2412(d)(1)(A). The burden of proving the special circumstances exception to the mandatory

ORDER - 7

award of fees under the EAJA rests with the government. *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991). The Commissioner argues that Counsel did not raise the sole issue that yielded remand in the opening brief to Magistrate Judge Theiler (Dkt. #10) or in the reply brief (Dkt. #15), but that Counsel only cited *Revels* in the objection to the R&R, but made no specific arguments related to its application to Plaintiff's complaints. Dkt. #64 at 7 (citing Dkt. #17 at 6). The Commissioner further notes that Counsel's opening brief on appeal included only three conclusory sentences pertaining to the sole issue that yielded remand. *Id.* (citing Dkt. #37-3). In sum, the Commissioner argues that the Court "should find that Estrada's briefing created a special circumstance that would make an award of fees unjust or at least warrant a reduction of fees for the time spent briefing the case on the merits prior to the Ninth Circuit's remand." *Id.*

In response, Counsel argues that the Commissioner "does not cite any controlling or persuasive legal authority that supports her argument that 'Estrada's briefing created a special circumstance that would make an award of fees unjust or at least warrant a reduction of fees…'" Dkt #65 at 5 (citing Dkt. #64 at 7).

The Court agrees with Counsel. Limited citations to a change in law in Plaintiff's briefing are not the sort of special circumstances that this Court and the Ninth Circuit have found render EAJA fees unjust. *See Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991) (discussing the issue of free rider plaintiffs as a potential "special circumstance"); *see Washington Dep't of Wildlife v. Stubblefield*, 739 F. Supp. 1428, 1432 (W.D. Wash. 1989) (discussing the presence of parties ineligible for fees as a possible special circumstance). In fact, this Court has specifically stated that "[w]hether a litigated issue is one of first impression" is not properly considered as a special circumstance justifying the refusal of an award of fees. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1261 (9th Cir. 2001).

ORDER - 8

### D. Reasonableness of Requested Fees

If the Court finds fees are warranted, the Commissioner alternatively requests the Court reduce the fees to a more reasonable amount. Dkt. #64 at 8.

The Court may award EAJA fees for attorney hours reasonably expended by Plaintiff's counsel. 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424 (1983). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from the fee award. *Id.* at 434, 103 S.Ct. 1933. The Court must also consider the results obtained when determining whether the fees requested by a prevailing party for an unsuccessful appeal are reasonable. *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) (citing *Hensley*, 461 U.S. at 437).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended[.]" *Hensley*, 461 U.S. at 437, 103 S.Ct. 1933. "[T]the party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted).

The Commissioner first argues that per *Hensley*, the Court should reduce fees because the matter was overstaffed and yielded redundant work. Dkt. #64 at 8 (citing *Hensley*, 461 U.S. at 434). Plaintiff had two attorneys. Attorney Yanich was not retained until the Court entered judgment. *See* Dkt. #21 (Notice of Association of Attorney by Eitan Kassel Yanich). The Commissioner argues that hiring a separate attorney, from a separate law firm to handle the appeal yielded redundant work and thus recommends excluding the 3.9 hours ($800.48) spent on

ORDER - 9

redundant file review on August 27 and 28, 2019. *Id.* (citing Dkt. #61-2 at 1). Counsel notes that it is not unusual for a different attorney to be hired for appellate work—the Court agrees. The Court does not find file review by an attorney specifically hired to handle an appeal to be "redundant" and will not exclude the 3.9 hours spent on August 27 and 28, 2019.

Next, the Commissioner requests that Attorney Laffoon not be compensated for the 27.2 hours ($5,483.52) spent between August 2018 and October 2018 on district court briefing. *Id.* (citing Dkt. #61-2). The Commissioner notes that Plaintiff neither mentioned fibromyalgia or *Revels* in Plaintiff's opening brief (Dkt. #10), nor in her reply brief (Dkt. #15), but for the first time only in Plaintiff's objections to Magistrate Judge Theiler's R&R (Dkt. #17 at 6). The Commissioner argues that Counsel should therefore not be compensated for failing to timely brief the sole issue that yielded relief. Dkt. #64 at 9.

In response, Counsel argues that the ALJ's error requiring reversal was his failure to fully accept Estrada's testimony about her pain, by incorrectly applying an objective medical evidence standard to symptoms that elude objective measurement. Counsel notes that throughout the 4600-page record, spanning eight years, Plaintiff's pain was identified with varying terms, including "pain," "chronic pain syndrome," "fibromyalgia," "complex" pain, and "multifactorial" pain. Dkt. #65 at 6 (citing Tr. 1104, 971, 841, 971, 1062, 1104, 2178, 3967). The Court agrees that the issue here was the ALJ's failure "to construe the medical evidence 'in light of fibromyalgia's unique symptoms and diagnostic methods.' Dkt. #27 at 2–3.

The Court finds that it will not reduce fees because Plaintiff's counsel failed to cite the standard (*Revels*) by which the ALJ should have assessed Plaintiff's testimony about her pain until after the initial round of briefing. The Commissioner should have been aware of that

ORDER - 10

standard either way and the Court does not find that Counsel failed to appropriately describe or represent Plaintiff's pain testimony.

Third, the Commissioner seeks to exclude the 6.9 hours ($1,416.23) spent on the objection to the report and recommendation (Dkt. #61-2 at 3) "because this Court noted numerous deficiencies in the objection and the objection did directly raise the issue that yielded remand." Dkt. #64 at 9 (citing Dkt. #19 at 3 ("Plaintiff provides no legal support for her position and instead advances broad policy arguments."); *id.* at 4 (finding the objections did not comply with Fed. R. Civ. P. 72(b)(2)); *id.* at 5 (finding "Plaintiff fails to support the argument beyond the basic allegation"). The Court declines to exclude those hours in light of the Ninth Circuit's decision.

Fourth, the Commissioner seeks to exclude a portion of time spent on the opening appellate brief, specifically 9 hours ($1,870) or one-third of the 27 briefing hours spent from January 2, 2020, and February 20, 2020. Dkt. #64 at 9 (citing Dkt. #61-2 at 1). The Commissioner argues that "in addition to containing redundant work to the district court briefing, the argument that yielded remand amounted to only three conclusory sentences in the brief." *Id.* (citing Dkts. #14 at 39–40, #37-2). In response, Counsel argues that the amount of time expended preparing the brief was reasonable in light of the lengthy court transcript. Dkt. #65 at 6. Specifically, Counsel's declaration states that the court transcript was over 4700 pages long and admits that not representing Plaintiff in the district court proceedings contributed to the hours spent preparing for the appeal and thus the briefing.

The Court has examined Counsel's fee request for the appellate briefing and finds it reasonable. The case involved a lengthy transcript which Counsel obviously had to review and analyze in preparing his briefs. The Commissioner's argument that Counsel could have done the briefing quicker is subjective, and an argument that can always be made in every case.

ORDER - 11

Fifth, the Commissioner asks the Court to exclude the .5 hours of paralegal time and the 1.2 hours of attorney time spent on July 28, 2021, preparing the EAJA petition. Dkt. #64 at 9. The Commissioner argues that Court ultimately denied this petition as premature (Dkt. #46) and this time is redundant of the time spent on September 14, 2023, preparing the instant EAJA petition. Dkt. #46 at 9 (citing Dkt. #61-2 at ). The Court agrees with the Commissioner and will exclude the .5 hours of paralegal time and the 1.2 hours of attorney time spent on July 28, 2021, preparing the initial EAJA petition.

Sixth, the Commissioner argues that Plaintiff "unduly and unreasonably protracted the final resolution of the matter in controversy." Dkt. #46 at 9 (quoting 28 U.S.C. § 2412(d)(1)(C)). The Commissioner complains of the premature petition for fees (Dkt. #21), an extension of time (Dkt. #38), a motion to amend (Dkt. #41), and an untimely appeal (Dkt. #47). *Id.* at 10. The Commissioner states that "Attorney Yanich commendably excluded the time for these litigation activities from the amount sought here," but that the Court should still impose a "10% haircut on Attorney Yanich's overall fee award to account for the protracted litigation between July 29, 2021, and June 1, 2023." *Id.* Considering Counsel already exlcuded the time for these activities, and Counsel's arguments for why the activities were not the result of undue or unreasonable protraction of the litigation, the Court denies the Commissioner's request to impose a "10% haircut."

Seventh, the Commissioner requests that the Court deny $1,503.00 in copying costs. Dkt. #64 at 10–12. In response, Counsel withdraws the request for expenses for the cost of copying and limits the request to reimbursement for $207.49 for the expense of postage. Dkt. #65 at 8. The Court therefore excludes Counsel's request for $1,503.00 for expenses – copying 15,030 pages. *See* Dkt. #61-2 at 2.

ORDER - 12

### E. Fees-for-Fees

Given that Counsel's Motion for Attorney's Fees and Expenses Pursuant to 28 U.S.C. § 2412 is in part successful, the Court recognizes that Counsel reserves the right to award additional attorney's fees for the time reasonably expended defending the Motion.

### IV.   CONCLUSION

Counsel's Motion for Attorney's Fees and Expenses Pursuant to 28 U.S.C. § 2412 (Dkt. #61) is GRANTED IN PART and DENIED IN PART.

**Plaintiff is awarded fees in the amount of $24,037.21** ($24,348.70 in attorney fees requested, less $256.49 and $55 of attorney and paralegal fees respectively incurred in relation to the initial EAJA petition on July 28, 2021) **and $207.49 in expenses** (less $1,503.00 incurred for copying costs), **subject to any offset allowed under the Treasury Offset Program**. *See Astrue v. Ratiff,* 560 U.S. 586, 589–590 (2010).

The Acting Commissioner shall contact the Department of Treasury after this Order is entered to determine if the EAJA Award is subject to any offset. If the U.S. Department of the Treasury verifies to the Office of General Counsel that Plaintiff does not owe a debt, the government will honor Plaintiff's assignment of EAJA Award and pay the EAJA Award directly to Plaintiff's counsel. If there is an offset, any remainder shall be made payable to Plaintiff, based on the Department of the Treasury's Offset Program, and the payment shall be electronically deposited to Plaintiff's attorney Eitan Kassel Yanich at his address: Eitan Kassel Yanich, PLLC, 203 Fourth Avenue E., Suite 321, Olympia, WA 98501.

//

//

//

ORDER - 13

DATED this 17th day of October, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 14