UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CINDY M. ESTRADA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　Defendant. | CASE NO. C18-5362RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION AND CROSS MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) |

　　This matter comes before the Court on Plaintiff's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b), Dkt. #68, on behalf of Attorney Jeanette Laffoon.  Plaintiff also filed a Cross Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b), Dkt. #72, on behalf of Attorney Eitan Yanich.  Attorney Laffoon seeks attorney's fees in the amount of $13,090.34.  Dkt. #68 at 1.  This amount comes from 25% of Plaintiff's retroactive benefits, $41,864.25, minus the previous fees ordered under the Equal Access to Justice Act (EAJA), $4,736.70 to attorney Laffoon, $24,037.21 to attorney Yanich.  The Commissioner requests that the Court issue one order clearly indicating the amount of § 406(b) fees entitled to each counsel.  Dkt. #83 at 2.

　　Attorney's fees may be awarded to a successful social security claimant's lawyer for his or her representation before a court pursuant to 42 U.S.C. §§ 406(b).  *Straw v. Bowen,* 866 F.2d

ORDER - 1

1167 (9th Cir.1989).  Plaintiff must apply to the Social Security Administration for an award of fees for representation at the administrative level. 42 U.S.C. § 406(a); *Stenswick v. Bowen,* 815 F.2d 519 (9th Cir.1987).  Under 42 U.S.C. § 406(b), the Court may allow a reasonable fee for an attorney who represented a Social Security Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in excess of 25% of the total past-due benefits.  *See Grisbrecht v. Barnhart*, 535 U.S. 789 (2002).  Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must refund to the claimant the amount of the smaller fee.  *See Gisbrecht* at 796.

Both attorney Laffoon and attorney Yanich defer to this Court's discretion on the potential splitting of the § 406(b) fee.  Twenty-five percent of Plaintiff's past-due benefits was withheld for potential fees, amounting to $41,864.25.  Dkt. #69-2.  Plaintiff and counsel have subsequently agreed to a twenty-five percent fee from total past-due benefits, *i.e.* $41,864.25. Dkts. #69-1, #72-3.  The Court concludes this amount is reasonable within the meaning of § 406(b).  The awarded EAJA fees of $28,773.91 ($4,736.70 to attorney Laffoon in 2016, $24,037.21 to attorney Yanich in 2023) were less than twenty-five percent of Plaintiff's past-due benefits.  Because the awarded EAJA fees were lesser than $41,864.25, Plaintiff's counsel is due the net amount of $41,864.25 minus the $28,773.91 in EAJA fees that were previously awarded—$13,090.34—which will be split evenly between attorney Laffoon and attorney Yanich.  *See Gisbrecht* at 796.

**CONCLUSION**

Accordingly, having reviewed Plaintiff's Motion and Cross Motion, the Commissioner's Response, the exhibits and declarations attached thereto, and the remainder of the record, the Court ORDERS as follows:

1) Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C § 406(b), Dkt. #68, is GRANTED in part. Plaintiff's attorney, Jeanette Laffoon, is awarded reasonable fees in the sum of $6,545.17;

2) Plaintiff's Cross Motion for Attorney Fees Pursuant to 42 U.S.C § 406(b), Dkt. #72, is GRANTED in part. Plaintiff's attorney, Eitan Yanich, is awarded reasonable fees in the sum of $6,545.17;

3) This net payment of fees comprises 25% of Plaintiff's past-due benefits minus the previously awarded EAJA fees;

4) Any payment of fees is from the claimant's withheld past-due benefits. If the Commissioner has not withheld past-due benefits sufficient to satisfy this order and Plaintiffs' attorneys report they are unable to collect the fee from the claimant, the Commissioner will satisfy this order via the procedures in the Program Operation Manual System (POMS) GN 03920.055.C.

IT IS SO ORDERED.

Dated this 4th day of March, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3